1    (Counsel for the parties listed on next page)

2

3

4

5

6

7

8                 UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11    THOMAS DALTON,                    No. C 10-05305 PJH

12             Plaintiff,            **STIPULATED PROTECTIVE**
                                         **ORDER AND CONFIDENTIALITY**

13        vs.                       **AGREEMENT**

14    UNITED PARCEL SERVICE, INC., an Ohio
      Corporation; AMERICAN SUBSTANCE

15    ABUSE PROFESSIONALS, INC., a Maryland
      Corporation; JERRY MATTES, an individual;

16    MARY SUE ALLEN, an individual; HAIDEE
      LAGUNDAY, an individual; and DOES 1

17    through 50, inclusive,

18            Defendants.

19

20

21

22

23

24

25

26

27

28

1    E. JEFFREY GRUBE (SB# 167324)
     jeffgrube@paulhastings.com
2    GINA G. COOK (SB# 245611)
     ginacook@paulhastings.com
3    BRITTANY F. STEVENS (SB# 268094)
     brittanystevens@paulhastings.com
4    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     55 Second Street
5    Twenty-Fourth Floor
     San Francisco, CA  94105-3441
6    Telephone:  (415) 856-7000
     Facsimile:   (415) 856-7100
7
     Attorneys for Defendants
8    UNITED PARCEL SERVICE, INC., JERRY MATTES,
     MARY SUE ALLEN, and HAIDEE LAGUNDAY
9

10   BALDWIN LEE (SB# 187413)
     ANNETTE M. RITTMULLER (SB# 211882)
11   ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
     200 Pringle Avenue, Suite 300
12   Walnut Creek, California 94596-7367
     Telephone: (925) 943-5551
13   Facsimile: (925) 943-5553

14   Attorneys for Defendant
     AMERICAN SUBSTANCE ABUSE PROFESSIONALS, INC.
15
     TROY A. VALDEZ (SB #191478)
16   MARVIN DUNSON III (SB #216068)
     ERIN M. DOYLE (SB #233113)
17   VALDEZ DUNSON & DOYLE LLP
     116 New Montgomery Street, Suite 210
18   San Francisco, California 94105
     Telephone: (415) 202-5950
19   Facsimile: (415) 202-5951

20   Attorneys for Plaintiff
     THOMAS DALTON
21

22

23

24

25

26

27

28

                                          STIPULATED PROTECTIVE ORDER
                                          CASE NO. C 10-05305 PJH

1

2       1.    PURPOSES AND LIMITATIONS

3            Disclosure and discovery activity in this action are likely to involve production

4 of confidential, proprietary, or private information for which special protection from public

5 disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

6 Accordingly, the parties hereby stipulate to and petition the court to enter the following

7 Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket

8 protections on all disclosures or responses to discovery and that the protection it affords from

9 public disclosure and use extends only to the limited information or items that are entitled to

10 confidential treatment under the applicable legal principles.  The parties further acknowledge, as

11 set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file

12 confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

13 followed and the standards that will be applied when a party seeks permission from the court to

14 file material under seal.

15       2.    DEFINITIONS

16          2.1   Challenging Party:  a Party or Non-Party that challenges the designation

17 of information or items under this Order.

18          2.2   "CONFIDENTIAL" Information or Items:  information (regardless of

19 how it is generated, stored or maintained) or tangible things that qualify for protection under

20 Federal Rule of Civil Procedure 26(c) or implicate a party or non-party's constitutional right to

21 privacy.

22          2.3   "HIGHLY CONFIDENTIAL" Information or Items:  information

23 (regardless of how it is generated, stored or maintained) or tangible things that qualify for

24 protection as sealable under Civil Local Rule 79-5.

25          2.4   Counsel (without qualifier):  Outside Counsel of Record and House

26 Counsel (as well as their support staff).

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. C 10-05305 PJH

1    2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or

2    items that it produces in disclosures or in responses to discovery as "HIGHLY

3    CONFIDENTIAL" or "CONFIDENTIAL."

4    2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of

5    the medium or manner in which it is generated, stored, or maintained (including, among other

6    things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

7    or responses to discovery in this matter.

8    2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter

9    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

10    witness or as a consultant in this action.

11    2.8    <u>House Counsel</u>: attorneys who are employees of a party to this action.

12    House Counsel does not include Outside Counsel of Record or any other outside counsel.

13    2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or

14    other legal entity not named as a Party to this action.

15    2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party

16    to this action but are retained to represent or advise a party to this action and have appeared in

17    this action on behalf of that party or are affiliated with a law firm which has appeared on behalf

18    of that party.

19    2.11    <u>Party</u>: any party to this action, including all of its officers, directors,

20    employees, consultants, retained experts, and Outside Counsel of Record (and their support

21    staffs).

22    2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

23    Discovery Material in this action.

24    2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support

25    services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

26    organizing, storing, or retrieving data in any form or medium) and their employees and

27    subcontractors.

28

-4-                STIPULATED PROTECTIVE ORDER
                   CASE NO. C 10-05305 PJH

1     2.14   Protected Material:   any Disclosure or Discovery Material that is

2   designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL."

3     2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material

4   from a Producing Party.

5     3.   SCOPE

6     The protections conferred by this Stipulation and Order cover not only Protected

7   Material (as defined above), but also (1) any information copied or extracted from Protected

8   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

9   testimony, conversations, or presentations by Parties or their Counsel that might reveal

10  Protected Material.  However, the protections conferred by this Stipulation and Order do not

11  cover the following information:  (a) any information that is in the public domain at the time of

12  disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a

13  Receiving Party as a result of publication not involving a violation of this Order, including

14  becoming part of the public record through trial or otherwise; and (b) any information obtained

15  by the Receiving Party after the disclosure from a source who obtained the information lawfully

16  and under no obligation of confidentiality to the Designating Party.  Any use of Protected

17  Material at trial shall be governed by a separate agreement or order.

18    4.   DURATION

19    Even after final disposition of this litigation, the confidentiality obligations

20  imposed by this Order shall remain in effect until a Designating Party agrees otherwise in

21  writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of

22  (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

23  judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials,

24  or reviews of this action, including the time limits for filing any motions or applications for

25  extension of time pursuant to applicable law.

26    5.   DESIGNATING PROTECTED MATERIAL

27    5.1   Exercise of Restraint and Care in Designating Material for Protection.

28  Each Party or Non-Party that designates information or items for protection under this Order

-5-

1   must take care to limit any such designation to specific material that qualifies under the

2   appropriate standards.  The Designating Party must designate for protection only those parts of

3   material, documents, items, or oral or written communications that qualify – so that other

4   portions of the material, documents, items, or communications for which protection is not

5   warranted are not swept unjustifiably within the ambit of this Order.

6           Mass, indiscriminate, or routinized designations are prohibited.  Designations

7   that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

8   unnecessarily encumber or retard the case development process or to impose unnecessary

9   expenses and burdens on other parties) expose the Designating Party to sanctions.

10          If it comes to a Designating Party's attention that information or items that it

11  designated for protection do not qualify for protection, that Designating Party must promptly

12  notify all other Parties that it is withdrawing the mistaken designation.

13          5.2    Manner and Timing of Designations.  Except as otherwise provided in

14  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

15  ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be

16  clearly so designated before the material is disclosed or produced.

17          Designation in conformity with this Order requires:

18          (a)    for information in documentary form (e.g., paper or electronic

19  documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that

20  the Producing Party affix the legend "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" to

21  each page that contains protected material.  If only a portion or portions of the material on a

22  page qualifies for protection, the Producing Party also must clearly identify the protected

23  portion(s) (e.g., by making appropriate markings in the margins).

24          A Party or Non-Party that makes original documents or materials available for

25  inspection need not designate them for protection until after the inspecting Party has indicated

26  which material it would like copied and produced.  During the inspection and before the

27  designation, all of the material made available for inspection shall be deemed "HIGHLY

28  CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and

-6-

1  produced, the Producing Party must determine which documents, or portions thereof, qualify for

2  protection under this Order.  Then, before producing the specified documents, the Producing

3  Party must affix the "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" legend to each page

4  that contains Protected Material. If only a portion or portions of the material on a page qualifies

5  for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

6  making appropriate markings in the margins).

7       (b)   for testimony given in deposition or in other pretrial or trial

8  proceedings, that the Designating Party identify on the record, before the close of the deposition,

9  hearing, or other proceeding, all protected testimony.

10       (c)   for information produced in some form other than documentary

11  and for any other tangible items, that the Producing Party affix in a prominent place on the

12  exterior of the container or containers in which the information or item is stored the legend

13  "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL." If only a portion or portions of the

14  information or item warrant protection, the Producing Party, to the extent practicable, shall

15  identify the protected portion(s).

16       5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent

17  failure to designate qualified information or items does not, standing alone, waive the

18  Designating Party's right to secure protection under this Order for such material. Upon timely

19  correction of a designation, the Receiving Party must make reasonable efforts to assure that the

20  material is treated in accordance with the provisions of this Order.

21       6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

22       6.1   Timing of Challenges. Any Party or Non-Party may challenge a

23  designation of confidentiality at any time whether for purposes of removing the designation or

24  seeking a different designation. Unless a prompt challenge to a Designating Party's

25  confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

26  economic burdens, or a significant disruption or delay of the litigation, a Party does not waive

27  its right to challenge a confidentiality designation by electing not to mount a challenge promptly

28  after the original designation is disclosed.

STIPULATED PROTECTIVE ORDER
CASE NO. C 10-05305 PJH

6.2   <u>Meet and Confer.</u>   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation, including the legal authority supporting the designation of any "HIGHLY CONFIDENTIAL" material as "privileged or protectable as a trade secret or otherwise entitled to protection under the law," consistent with Civil Local Rule 79-5.  Furthermore, the Challenging Party must identify whether its concern could be resolved through the use of redactions.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention.</u>   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain or designate confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a

-8-

1   motion challenging a confidentiality designation at any time if there is good cause for doing so,

2   including a challenge to the designation of a deposition transcript or any portions thereof. Any

3   motion brought pursuant to this provision must be accompanied by a competent declaration

4   affirming that the movant has complied with the meet and confer requirements imposed by the

5   preceding paragraph.

6          The burden of persuasion in any such challenge proceeding shall be on the

7   Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to

8   harass or impose unnecessary expenses and burdens on other parties) may expose the

9   Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality

10  designation by failing to file a motion to retain confidentiality as described above, all parties

11  shall continue to afford the material in question the level of protection to which it is entitled

12  under the Producing Party's designation until the court rules on the challenge.

13      7.    ACCESS TO AND USE OF PROTECTED MATERIAL

14          7.1    Basic Principles. A Receiving Party may use Protected Material that is

15  disclosed or produced by another Party or by a Non-Party in connection with this case only for

16  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

17  disclosed only to the categories of persons and under the conditions described in this Order.

18  When the litigation has been terminated, a Receiving Party must comply with the provisions of

19  section 13 below (FINAL DISPOSITION).

20          Protected Material must be stored and maintained by a Receiving Party at a

21  location and in a secure manner that ensures that access is limited to the persons authorized

22  under this Order.

23          7.2    Disclosure of "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL"

24  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

25  Designating Party, a Receiving Party may disclose any information or item designated

26  "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" only to:

27          (a)    the Receiving Party's Outside Counsel of Record in this action, as

28  well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

-9-

1   disclose the information for this litigation and who have signed the "Acknowledgment and

2   Agreement to Be Bound" that is attached hereto as Exhibit A;

3                        (b)     the officers, directors, and employees (including House Counsel)

4   of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who

5   have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6                        (c)     Experts (as defined in this Order) of the Receiving Party to whom

7   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

8   and Agreement to Be Bound" (Exhibit A);

9                        (d)     the court and its personnel;

10                        (e)     court reporters and their staff, professional jury or trial

11   consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

12   for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

13   (Exhibit A);

14                        (f)     Any mediator, arbitrator, or other alternate dispute resolution

15   facilitator retained for this litigation;

16                        (g)     during their depositions, witnesses in the action to whom

17   disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement

18   to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

19   court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

20   Material must be separately bound by the court reporter and may not be disclosed to anyone

21   except as permitted under this Stipulated Protective Order.

22                        (h)     the author or recipient of a document containing the information

23   or a custodian or other person who otherwise possessed or knew the information.

24         8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

25   OTHER LITIGATION

26                        If a Party is served with a subpoena or a court order issued in other litigation that

27   compels disclosure of any information or items designated in this action as "HIGHLY

28   CONFIDENTIAL" or "CONFIDENTIAL," that Party must:

1        (a)    promptly notify in writing the Designating Party.  Such
2    notification shall include a copy of the subpoena or court order;

3        (b)    promptly notify in writing the party who caused the subpoena or
4    order to issue in the other litigation that some or all of the material covered by the subpoena or
5    order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated
6    Protective Order; and

7        (c)    cooperate with respect to all reasonable procedures sought to be
8    pursued by the Designating Party whose Protected Material may be affected.

9        If the Designating Party timely seeks a protective order, the Party served with the
10   subpoena or court order shall not produce any information designated in this action as
11   "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" before a determination by the court from
12   which the subpoena or order issued, unless the Party has obtained the Designating Party's
13   permission.  The Designating Party shall bear the burden and expense of seeking protection in
14   that court of its confidential material – and nothing in these provisions should be construed as
15   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from
16   another court.

17   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED
18   IN THIS LITIGATION

19       (a)    The terms of this Order are applicable to information produced by a Non-
20   Party in this action and designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL."
21   Such information produced by Non-Parties in connection with this litigation is protected by the
22   remedies and relief provided by this Order.  Nothing in these provisions should be construed as
23   prohibiting a Non-Party from seeking additional protections.

24       (b)    In the event that a Party is required, by a valid discovery request, to
25   produce a Non-Party's confidential information in its possession, and the Party is subject to an
26   agreement with the Non-Party not to produce the Non-Party's confidential information, then the
27   Party shall:

28

-11-                    STIPULATED PROTECTIVE ORDER
                        CASE NO. C 10-05305 PJH

1         1.    promptly notify in writing the Requesting Party and the Non-Party

2    that some or all of the information requested is subject to a confidentiality agreement with a

3    Non-Party;

4         2.    promptly provide the Non-Party with a copy of the Stipulated

5    Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

6    description of the information requested; and

7         3.    make the information requested available for inspection by the

8    Non-Party.

9        (c)    If the Non-Party fails to object or seek a protective order from this court

10   within 14 days of receiving the notice and accompanying information, the Receiving Party may

11   produce the Non-Party's confidential information responsive to the discovery request.  If the

12   Non-Party timely seeks a protective order, the Receiving Party shall not produce any

13   information in its possession or control that is subject to the confidentiality agreement with the

14   Non-Party before a determination by the court.[1]  Absent a court order to the contrary, the Non-

15   Party shall bear the burden and expense of seeking protection in this court of its Protected

16   Material.   Nothing in this Stipulated Protective Order limits a Party's right to redact non-

17   responsive or irrelevant information to protect third-party privacy interests, including but not

18   limited to, redaction of protected medical information.

19       10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

20        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

21   Protected Material to any person or in any circumstance not authorized under this Stipulated

22   Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

23   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies

24   of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures

25

26

27   [1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality

28   interests in this court.

1    were made of all the terms of this Order, and (d) request such person or persons to execute the

2    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

3        11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

4    PROTECTED MATERIAL

5                When a Producing Party gives notice to Receiving Parties that certain

6    inadvertently produced material is subject to a claim of privilege or other protection, the

7    obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

8    26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in

9    an e-discovery order that provides for production without prior privilege review. Pursuant to

10   Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect

11   of disclosure of a communication or information covered by the attorney-client privilege or

12   work product protection, the parties may incorporate their agreement in the stipulated protective

13   order submitted to the court.

14       12.    MISCELLANEOUS

15               12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

16   person to seek its modification by the court in the future.

17               12.2    Right to Assert Other Objections.  By stipulating to the entry of this

18   Protective Order no Party waives any right it otherwise would have to object to disclosing or

19   producing any information or item on any ground not addressed in this Stipulated Protective

20   Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

21   the material covered by this Protective Order.

22               12.3    Filing Protected Material.    Without written permission from the

23   Designating Party or a court order secured after appropriate notice to all interested persons, a

24   Party may not file in the public record in this action any material designated as "HIGHLY

25   CONFIDENTIAL". A Party that seeks to file under seal any material designated as "HIGHLY

26   CONFIDENTIAL" must comply with Civil Local Rule 79-5. Material designated as "HIGHLY

27   CONFIDENTIAL" may only be filed under seal pursuant to a court order authorizing the

28   sealing of the specific material designated as "HIGHLY CONFIDENTIAL." \. Pursuant to

1    Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

2    material designated as "HIGHLY CONFIDENTIAL" at issue is privileged, protectable as a

3    trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to

4    file material designated as "HIGHLY CONFIDENTIAL" under seal pursuant to Civil Local

5    Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the

6    public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

7        13.    FINAL DISPOSITION. Within 60 days after the final disposition of this action,

8    as defined in paragraph 4, each Receiving Party must return all Protected Material to the

9    Producing Party or destroy such material. As used in this subdivision, "all Protected Material"

10    includes all copies, abstracts, compilations, summaries, and any other format reproducing or

11    capturing any of the Protected Material.   Whether the Protected Material is returned or

12    destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

13    not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

14    (by category, where appropriate) all the Protected Material that was returned or destroyed and

15    (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations,

16    summaries or any other format reproducing or capturing any of the Protected Material.

17    Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

18    motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

19    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

20    work product, even if such materials contain Protected Material. Any such archival copies that

21    contain or constitute Protected Material remain subject to this Protective Order as set forth in

22    Section 4 (DURATION).

23

24    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

25    DATED: March 9, 2011                              Marvin Dunson
                                                     Attorneys for Plaintiff Thomas Dalton

26

27    DATED:  3-9-11
                                                     Attorneys for Defendants United Parcel Service,

28
                                                     -14-              STIPULATED PROTECTIVE ORDER
                                                                       CASE NO. C 10-05305 PJH

Inc., Jerry Mattes, Mary Sue Allen, and Haidee
Lagunday

DATED: _March 11, 2011_                   _____

Attorneys for Defendant American Substance
Abuse Professionals, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _3/16/11_ _____          _____

_____           United States ~~Magistrat~~e Judge

*IT IS SO ORDERED*

Judge Phyllis J. Hamilton

*UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

STIPULATED PROTECTIVE ORDER
CASE NO. C 10-05305 PJH

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Thomas Dalton v. United Parcel Service, Inc., et al.*, Case No. C 10-05305 PJH. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature: _____
            [signature]

-16-

STIPULATED PROTECTIVE ORDER
CASE NO. C 10-05305 PJH