UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS DALTON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED PARCEL SERVICE, an Ohio corporation; AMERICAN SUBSTANCE ABUSE PROFESSIONALS, INC., a Maryland corporation; JERRY MATTES, an individual; MARY SUE ALLEN, an individual; HAIDEE LAGUNDAY, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. C 10-05305 PJH (LB)<br><br>[~~PROPOSED~~] **ORDER AMENDING DEFENDANT AMERICAN SUBSTANCE ABUSE PROFESSIONALS, INC.'s ANSWER TO ADD AFFIRMATIVE DEFENSES** |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

814276.01/SF

Case No.  C 10-05305 PJH (LB)
[PROPOSED] ORDER AMENDING ASAP's
ANSWER

Based upon the parties' stipulation and pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court HEREBY ORDERS that Defendant American Substance Abuse Professionals, Inc.'s Answer to First Amended Complaint for Damages, attached hereto as Exhibit A, is HEREBY AMENDED to include the following additional defenses.

In asserting these defenses, ASAP does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

### TWENTIETH AFFIRMATIVE DEFENSE

The first and tenth purported causes of action are barred because any alleged invasion of Plaintiff's privacy by Defendant ASAP was justified by one or more countervailing interests.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's tenth purported cause of action under California Business and Professions Code section 17200 *et seq.* is barred because it is duplicative of all other purported causes of action, and Plaintiff has an adequate remedy at law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's tenth purported cause of action under California Business and Professions Code section 17200 *et seq.* is barred because California Business and Professions Code section 17200 *et seq,.* as stated and as sought to be applied by Plaintiff, violate Defendant ASAP's rights under the United States Constitution and the California Constitution in that, among other things, they are void for vagueness, violative of equal protection, violative of due process, an undue burden on interstate commerce, and violative of the freedom of contract.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the First Amended Complaint, and any allegations with respect thereto should be stricken, because:

(a) Plaintiff has failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice. *See* Cal. Civ. Code § 3294(a); and/or

      (b) Plaintiff has failed to plead facts sufficient to support allegations of willful and/or conscious disregard of the rights of Plaintiff or that Defendant ASAP was motivated by evil motive or intent; and/or

      (c) Neither Defendant ASAP nor any officer, director, or managing agent of Defendant ASAP committed any alleged oppressive, fraudulent, false, deceptive, or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee, agent or representative who allegedly committed such an act, or employed, retained or directed any such employee, agent or representative with a conscious disregard of the rights or safety of others. *See* Cal. Civ. Code § 3294(b).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the First Amended Complaint, and any allegations with respect thereto should be stricken, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because any award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts in this case, would violate Defendant ASAP's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's first and tenth causes of action fail because Plaintiff signed a valid release, thereby extinguishing his rights to bring the claims asserted herein.

PURSUANT TO STIPULATION, IT IS SO ORDERED

Date: 6/16/11      Signed: _____
                                         The Honorable Phyllis J. Hamilton

[Stamp: IT IS SO ORDERED / Judge Phyllis J. Hamilton / United States District Court, Northern District of California]

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

814276.01/SF

-2-

Case No. C 10-05305 PJH (LB)
[PROPOSED] ORDER AMENDING ASAP's ANSWER

**EXHIBIT A**



ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
BALDWIN J. LEE (BAR NO. 187413)
ANNETTE M. RITTMULLER (BAR NO. 211882)
MEGAN HUTCHINSON (BAR NO. 257939)
200 Pringle Avenue, Suite 300
Walnut Creek, California 94596-7367
Phone: (925) 943-5551
Fax: (925) 943-5553
E-Mail: blee@allenmatkins.com
        arittmuller@allenmatkins.com
        mhutchinson@allenmatkins.com

Attorneys for Defendant
AMERICAN SUBSTANCE ABUSE
PROFESSIONALS, INC.

ENDORSED
FILED
ALAMEDA COUNTY

OCT 19 2010

CLERK OF THE SUPERIOR COURT
By ___Barbara LaMotte___
                Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| THOMAS DALTON,<br><br>         Plaintiff,<br><br>    vs.<br><br>UNITED PARCEL SERVICE, an Ohio corporation; AMERICAN SUBSTANCE ABUSE PROFESSIONALS, INC., a Maryland corporation; JERRY MATTES, an individual; MARY SUE ALLEN, an individual; HAIDEE LAGUNDAY, an individual; and DOES 1 through 50, inclusive,<br><br>         Defendants. | Case No. RG10532370<br><br>[Assigned to Judge Hon. Wynne Carvill, Dept. 21]<br><br>**AMERICAN SUBSTANCE ABUSE PROFESSIONALS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES** |

Defendant American Substance Abuse Professionals, Inc. ("ASAP") answers the First Amended Complaint for Damages of Thomas Dalton ("Complaint") as follows:

### GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, ASAP files this general denial to Plaintiff's unverified Complaint, and answering each and all of its allegations, ASAP denies generally and specifically each and every allegation contained in the Complaint. ASAP further denies, generally and specifically, that Plaintiff has been

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

794184.03/SF
-///

AMERICAN SUBSTANCE ABUSE PROFESSIONALS, INC.'S ANSWER TO FIRST
AMENDED COMPLAINT FOR DAMAGES

1  damaged in any sum, or at all, by reason of any act or omission on the part of ASAP or on
2  the part of any of ASAP's agents, servants or employees.
3  　　　　In addition, ASAP asserts the following additional defenses. In asserting these
4  defenses, ASAP does not assume the burden of proof as to matters that, as a matter of law,
5  are Plaintiff's burden to prove.

### FIRST ADDITIONAL DEFENSE

7  　　　　The Complaint, and each purported cause of action contained therein, fails to state
8  facts sufficient to constitute a cause of action.

### SECOND ADDITIONAL DEFENSE

10  　　　　Plaintiff is estopped from pursuing the claims in the Complaint, and each purported
11  cause of action contained therein, by reason of Plaintiff's own actions and course of
12  conduct.

### THIRD ADDITIONAL DEFENSE

14  　　　　Plaintiff has waived the right, if any, to pursue the claims in the Complaint, and
15  each purported cause of action contained therein, by reason of Plaintiff's own actions and
16  course of conduct.

### FOURTH ADDITIONAL DEFENSE

18  　　　　The Complaint, and each alleged cause of action contained therein, is barred by the
19  doctrines of laches, unclean hands and/or waiver.

### FIFTH ADDITIONAL DEFENSE

21  　　　　The Complaint, and each alleged cause of action contained therein, is barred in
22  whole or in part by all applicable statutes of limitation, including but not limited to, Code
23  of Civil Procedure section 335.1 and Business and Professions Code section 17208.

### SIXTH ADDITIONAL DEFENSE

25  　　　　Any and all claims by Plaintiff based in whole or in part upon any alleged physical
26  or emotional injury or distress arising in the course and scope of employment, which was
27  by United Parcel Service, Inc., are barred because Plaintiff's sole and exclusive remedy, if
28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

794184.03/SF
-///

-2-
AMERICAN SUBSTANCE ABUSE PROFESSIONALS, INC.'S ANSWER TO FIRST
AMENDED COMPLAINT FOR DAMAGES

any, for such injuries is governed by the California Workers' Compensation Act. Cal. Lab. Code § 3600 et seq.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff is barred from, and has waived, any recovery for any alleged physical or emotional injury or distress, to the extent that Plaintiff has failed to pursue and exhaust his remedies, if any, under the California Workers' Compensation Act. Cal. Lab. Code § 3600, et seq.

### EIGHTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in part or in whole, because, if any employee of ASAP did any of the unlawful or tortious acts as alleged in the Complaint, he or she was acting outside the scope of his or her employment.

### NINTH ADDITIONAL DEFENSE

If Plaintiff sustained any loss, injury, damage or detriment as alleged in the Complaint, the loss, injury, damage, or detriment was caused and contributed to by Plaintiff's actions in that he did not exercise ordinary care on his own behalf and Plaintiff's own actions and omissions proximately caused and contributed to the loss, injury, damage or detriment alleged by Plaintiff, and Plaintiff's recovery from ASAP, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or in proportion to his fault.

### TENTH ADDITIONAL DEFENSE

If Plaintiff suffered any damages, such damages were proximately caused by individuals who were not officers, directors, employees, or agents of ASAP.

### ELEVENTH ADDITIONAL DEFENSE

Plaintiff's prayer for punitive damages is barred in full or in part by the United States Constitution and/or the California Constitution.

### TWELFTH ADDITIONAL DEFENSE

Plaintiff is not entitled to recover punitive damages because ASAP at all times made a good faith effort to comply with the law, and any actions taken with respect to

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP
794184.03/SF
AMERICAN SUBSTANCE ABUSE PROFESSIONALS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

1 Plaintiff were done without malice, conscious disregard or reckless indifference to his
2 rights.

### THIRTEENTH ADDITIONAL DEFENSE

ASAP is entitled to a setoff of any monetary damages Plaintiff recovers against ASAP herein.

### FOURTEENTH ADDITIONAL DEFENSE

Plaintiff's alleged damages are barred or offset by the avoidable consequences doctrine.

### FIFTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because his own actions and course of conduct constitute consent to the acts alleged in the Complaint.

### SIXTEENTH ADDITIONAL DEFENSE

Plaintiff's claim is barred, in whole or in part, because he consented to the conduct alleged in the complaint by signing the Employee Alcohol and/or Drug Rehabilitation Agreement, Statement of Understanding, Testing Notification Forms, Breath Alcohol Testing Forms, and Authorizations for Release of Protected Health Information.

### SEVENTEENTH ADDITIONAL DEFENSE

The Complaint, and each and every purported cause of action alleged therein, is barred because any recovery from ASAP would result in Plaintiff's unjust enrichment.

### EIGHTEENTH ADDITIONAL DEFENSE

ASAP intends to rely upon and hereby asserts any defense asserted by other named Defendants, or upon the defenses hereafter asserted by any other presently unnamed defendant who later asserts defenses in this action.

### NINETEENTH ADDITIONAL DEFENSE

The Complaint does not describe its claims or events with sufficient particularity to allow ASAP to ascertain what other defenses may exist, and ASAP therefore reserves the right to assert additional defenses once it determines the precise nature of Plaintiff's claims and it discovers that such additional defenses may be appropriate.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

794184.03/SF
-///

-4-
AMERICAN SUBSTANCE ABUSE PROFESSIONALS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

WHEREFORE, ASAP prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for ASAP;

2. That ASAP be awarded its reasonable costs and attorneys' fees; and

3. That ASAP be awarded such other and further relief as the Court deems just and proper.

Dated: October 19, 2010

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ Annette M. Rittmuller
ANNETTE M. RITTMULLER
Attorneys for Defendant
AMERICAN SUBSTANCE ABUSE
PROFESSIONALS, INC.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

794184.03/SF
-///

-5-
AMERICAN SUBSTANCE ABUSE PROFESSIONALS, INC.'S ANSWER TO FIRST
AMENDED COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

I am employed in the County of Contra Costa, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 200 Pringle Avenue, Suite 300, Walnut Creek, California 94596-7367.

On October 19, 2010, I served the within document(s) described as:

**AMERICAN SUBSTANCE ABUSE PROFESSIONALS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

on the interested parties in this action as stated below:

| | |
|---|---|
| Troy A. Valdez, Esq.<br>Marvin Dunson III, Esq.<br>Erin M. Doyle, Esq.<br>Valdez Dunson & Doyle LLP<br>116 New Montgomery Street, Suite 210<br>San Francisco, CA 94105<br>Phone: (415) 202-5950<br>Fax: (415) 202-5651 | Attorneys for Plaintiff<br>**Served via Mail** |
| E. Jeffrey Grube, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>55 Second Street, Twenty-Fourth Floor<br>San Francisco, CA 94105-3441<br>Phone: (415) 856-7020<br>Fax: (415) 856-7100 | Attorneys for Defendant<br>United Parcel Service<br>**Served via Mail** |

☒ **BY MAIL:** I placed a true copy of the document in a sealed envelope or package addressed as indicated above on the above-mentioned date in Walnut Creek, California for collection and mailing pursuant to the firm's ordinary business practice. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 19, 2010, at Walnut Creek, California.

_____Karen E. Moulton_____   _____(Signature)_____
(Type or print name)                    (Signature of Declarant)

LAW OFFICES
en Matkins Leck Gamble
Mallory & Natsis LLP

794184.03/SF
-///

AMERICAN SUBSTANCE ABUSE PROFESSIONALS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES